**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

SARAVANA BHAVAN CORPORATION
FZE,

      **Plaintiff,**

   **-against-**

KUMAAR ET AL,

      **Defendants.**

---------------------------------------------------------- x

**1:26-CV-01591-ALC**

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

The Court is in receipt of the Parties' joint status report informing the Court that the Parties were unable to reach a resolution in this matter. *See* ECF No. 33. In this letter, Defendants' request the Court schedule a pre-motion conference to set a briefing schedule on Defendants' anticipated motion to dismiss. The Court will hold a telephonic pre-motion conference on **June 9, 2026 at 3:00pm.** The Parties should contact the Court at 1-855- 244-8681 (access code: 2305 3700 226#) on the date and time specified above.

At the conference, Defendants should be prepared to discuss the first-filed rule and how it might apply to this case in light of the fact that "courts in this district have held that the first-to-file doctrine only applies 'where there is concurrent federal litigation, not were a federal court contends with concurrent state litigation.'" Strongbow Holdings, LLC v. RMS Titantic, Inc., No. 22-CV-5680 (ER), 2023 WL 4897393, at *9 (S.D.N.Y. Aug. 1, 2023). Further, Defendants should be prepared to address their arguments pertaining to defective service given that Rule 4(f), which provides for service in compliance with the Hague Convention for individual in foreign countries, applies to individuals *not within any judicial district* of the United States. *See* F.R.C.P. 4(f); *see also RSM Production Corp. v. Fridman*, No. 06 Civ. 11512 (DLC), 2007 WL

2295907, at *5 (S.D.N.Y. Aug. 10, 2007) ("Together, Rules 4(e) and 4(f) 'provide for service on persons anywhere, subject to constitutional and statutory constraints.'").  The Parties should be prepared to address whether service is effective under Rule 4(e) which generally applies to a defendant subject to jurisdiction based on their presence in the United States. *See* F.R.C.P. 4(e); *see also Carney v. Beracha*, 996 F.Supp.2d 56, 67 (D. Conn. 2014) ("Rule 4(f) does not apply to a defendant subject to jurisdiction based on his presence in the United States. In such a case, Rule 4(e) applies.").

**SO ORDERED.**

**Dated:  May 29, 2026**

        **New York, New York**

        **ANDREW L. CARTER, JR.**
        **United States District Judge**